IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01909-STV

WEBROOT INC.,

    Plaintiff,

v.

CHITRANSHU SINGH,
CHANDRESH SINGH, and
POLISHSYS TECHNOLOGIES,

    Defendants.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff Webroot Inc.'s Motion for Leave to Serve Summons and Complaint Via Email (the "Motion") [#13]. For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

    This trademark dispute arises out of Defendants' alleged use of various domain names, including webrootcom-safe.org, that infringe on Plaintiff's WEBROOT trademark, and Defendants offering technical support services in direct competition with those offered by Plaintiff. [*See generally* #1] All three Defendants, Chitranshu Singh, Chandresh Singh, and Polishsys Technologies, reside in India. [*Id.* at ¶¶ 10-11; #13 at ¶ 4] Counsel for Plaintiff has made numerous attempts to correspond with counsel for Defendants with respect to whether counsel will accept or waive service on behalf of Defendants. [#13 at ¶ 5] While Plaintiff has received correspondence from Defendants' attorneys, those communications have not indicated whether counsel will accept or

waive service on behalf of Defendants. [*Id.* at ¶¶ 5, 7] Plaintiff initiated service of Defendants via The Hague Convention to the Central Authority in India on August 16, 2018. [*Id.* at ¶ 8] A package, which included copies of The Hague Service Request Forms, Summons, Complaint, and Exhibits for each Defendant, was delivered on August 20, 2018. [*Id.*] Despite sending numerous emails, making several phone calls, and attempting to send a letter requesting more information via fax, Plaintiff has been unable to ascertain the status of service of Defendants through the Central Authority. [*Id.* at ¶¶ 9-10; 12-13] Accordingly, Plaintiff seeks to serve the summons and Complaint upon Defendants via email. [*See generally* #13]

Fed. R. Civ. P. 4(f) allows service upon an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(3) also allows an individual in a foreign country to be served "by other means not prohibited by international agreement, as the court orders." To comply with due process, any means of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

In *F.T.C. v. Pecon Software Ltd.*, the United States District Court for the Southern District of New York considered the precise issues before the Court here—whether, under Rule 4(f)(3), service by email of a defendant in India 1) is prohibited by international agreement; 2) comports with due process, and 3) is warranted. No. 12 Civ. 7186(PAE), 2013 WL 4016272, at *4-9 (S.D.N.Y. Aug. 7, 2013). First, the court

noted that the United States and India are signatories to The Hague Convention, and that Article 10 of the Convention "allows for service of process through alternative means such as 'postal channels' and 'judicial officers,' provided that the destination state does not object to those means." *Id.* at *4 (quoting The Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, art. 10, Nov. 15, 1965, 20 UST. 361, 658 U.N.T.S. 163, *available at* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17). While "India has objected to the means listed in Article 10," courts have held that such objection "is specifically limited to the means of service enumerated in Article 10." *Id.* (collecting cases). Because service by email is not listed in Article 10, the court concluded that India had not specifically objected to service by email and held that such means is not prohibited by international agreement. *Id.* at *5; see also Nat'l Cas. Co. v. W. Express, Inc.*, No. CIV-15-1222-R, 2017 WL 2241536, at *3 (W.D. Okla. May 22, 2017) ("[N]umerous courts have held that service by email does not violate any international agreement, even when a country objects to Article 10 of The Hague Convention, so long as the objections of the recipient nation are limited to those means [of service] enumerated in Article 10." (second alteration in original) (quotations omitted)).

Second, the court considered whether service by email would comport with due process. In other words, whether service by email was reasonably calculated to provide defendants with notice of filings in the case. *Pecon Software*, 2013 WL 4016272, at *5. The court noted that "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Id.* (collecting cases). For example, service by email may be appropriate where "defendants conduct

3

business extensively" through their websites and "correspond regularly" via email, *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988(GBD), 2007 WL 725412, at *3 (S.D.N.Y. Mar.12, 2007), or when plaintiff "has established that the email accounts [it has] for defendants have been effective means of communicating with defendants," *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr.17, 2007). The court concluded that service by email was appropriate where plaintiff "demonstrated a high likelihood that defendants would receive service" at the email addresses provided, including providing evidence that the email addresses were used to set up defendants' Paypal accounts, corporate registry forms, and for defendants' customer service correspondence. *Pecon Software*, 2013 WL 4016272, at *5-8. Finally, the court concluded that service by email was warranted because plaintiff had "made ample attempts to serve defendants by other means, but [was] left with no way to do so except by the [Indian] Central Authority, which [had] not shown a disposition to act—or even to respond to [plaintiff's] queries," and the case needed to move forward. *Id.* at *9.

Applied here, the Court agrees that service by email is not prohibited by international agreement. As to due process, service by email is reasonably calculated to provide Defendants with notice of the pendency of the case with respect to two of the email addresses that Plaintiff proposes to use. Plaintiff has provided sufficient evidence that Defendants, or representatives of Defendants, have utilized and responded to emails sent to the following email addresses: polishsyscall@gmail.com and advpiyushshrivastava1989@gmail.com. [*See, e.g.*, #14-1 at 2; #15-1 at 2, 5-6, 10, 14] With respect to the third email address, singhchitranshusingh@gmail.com, Plaintiff

4

notes that this "email address [is] associated with the WHOIS record related to the domain name in dispute"—webrootcom-safe.org. [#13 at 1] However, based on a review of the International Corporation for Assigned Names and Numbers ("ICANN") WHOIS database, there is no longer any email address associated with the webrootcom-safe.org domain. *See Showing results for: WEBROOTCOM-SAFE.ORG,* ICANN WHOIS, https://whois.icann.org/en/lookup?name=webrootcom-safe.org (last visited Oct. 3, 2018). Accordingly, the Court cannot conclude that service by email to singhchitranshusingh@gmail.com could reasonably be expected to give Defendants notice of the instant suit. Finally, service by email, with respect to the other two email addresses, is warranted because Plaintiff has made numerous attempts to serve Defendants by other means and to request waiver or acceptance of service by Defendants' counsel. Plaintiff also attempted to serve Defendants through the Central Authority of India, which has refused to act upon, or respond to, Plaintiff's requests for service.

Accordingly, Plaintiff's Motion for Leave to Serve Summons and Complaint Via Email [#13] is **GRANTED in part and DENIED in part**. The Motion is **GRANTED** to the extent Plaintiff seeks to serve Defendants by the following email addresses: polishsyscall@gmail.com and advpiyushshrivastava1989@gmail.com. The Motion is **DENIED WITHOUT PREJUDICE** to the extent Plaintiff seeks to serve Defendants by the email address singhchitranshusingh@gmail.com. Plaintiff may move to serve Defendants via that email address if Plaintiff can submit further documentation to support its assertion that Defendants can be reached at the proposed email address. *See Pecon Software*, 2013 WL 4016272, at *7.

DATED: October 3, 2018

BY THE COURT:

  s/Scott T. Varholak
United States Magistrate Judge