IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-01909-RM-STV

WEBROOT INC.,

    Plaintiff,

v.

CHITRANSHU SINGH,
POLISHSYS TECHNOLOGIES, and
CHANDRESH SINGH,

    Defendants.

___

## ORDER
___

Plaintiff Webroot Inc. is a Delaware corporation with a place of business in Colorado. It is in the computer security business and provides anti-virus and malware protection and security solutions under the name WEBROOT to consumers in the United States and worldwide. It owns WEBROOT trademarks which are used in connection with its business. Defendants are two individuals and a company who are citizens of India. Accordingly to Plaintiff, Defendants engaged in fraudulent activity by registering domain names that include the WEBROOT marks and, through theses websites, offering unauthorized customer support services in connection with such marks. Based on Defendants' alleged conduct, Plaintiff filed this action asserting six claims for relief, including trademark infringement, unfair competition, trademark cybersquatting, and violation of the Colorado Consumer Protection Act.

This matter is now before the Court on the Recommendation of United States Magistrate Judge (ECF No. 38) recommending that Plaintiff's Motion for Judgment by Default against Defendants be granted in part and denied in part. The Recommendation is premised on the fact

that service of process via email to two email addresses (polishsyscall@gmail.com and advpiyushshrivastava1989@gmail.com) comports with the Hague Convention and with due process. Upon review, the Court finds it requires further information to conclude it is so.

As Plaintiff is aware, Fed. R. Civ. P. 4(f)(3) provides for service "by other means not prohibited by international agreement, as the court orders." India is a signatory to the Hague Convention, concluded November 15, 1965. Article 10 of the Convention states:

> Provided the State of destination does not object, the present Convention shall not interfere with –
> a) the freedom to send judicial documents, *by postal channels*, directly to persons abroad,
> b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly *through the judicial officers, officials or other competent persons of the State of destination,*
> c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through *the judicial officers, officials or other competent persons of the State of destination*.

(Emphasis added.) India, however, is opposed to the methods of service provided in Article 10.

India's opposition raises two questions: (1) whether service via email is precluded; and (2) if not, whether service other than directly to the email of the named defendant is precluded. As to the first question, Plaintiff's motion for leave to serve process via email recognizes there are courts which have held that an objection to Article 10 does not preclude service by email. But, of course, there are courts which have found otherwise. And, it goes without saying that, at the time the Convention was concluded, there was no email.

As to the second question, Plaintiff did not address it directly in its motion. Plaintiff's motion asserts it has communicated with Defendants, or received communications from Defendants, through the emails. But, a review of the supporting documents shows, for example, that polishsyscall@gmail.com was used by a "representative for this case," i.e., in the Uniform

2

Dispute Resolution Procedure – not *this* case, and appears to be the email address for Defendant Polishsys Technologies. (ECF No. 9-11, p. 2.) Further, that advpiyushshrivastava1989@gmail.com is the email address for an attorney for Defendants but there is no indication that he was authorized to accept service on behalf of such Defendants, and Plaintiff has not argued otherwise. (*See* ECF 15-1, p. 6.) Which brings the Court to the question of which Defendants were served via which email (perhaps it was through both) and why was it sufficient under the Convention and due process. For instance, it can hardly be said that service here – in the United States – upon an attorney would be effective as against a party where that attorney did not have authority to accept service. *See* 4A Charles Alan Wright, et al., Federal Practice & Procedure § 1097 (4th ed. 2019). Or, how and why service would be sufficient for Defendant Chitranshu Singh through the use of any corporate email, polishsyscall@gmail.com. Plaintiff alleges only Defendant Chandresh Singh is a director of Defendant Polishsys Technologies. In light of the foregoing, it is

ORDERED that on or before May 17, 2019, Plaintiff shall file a status report addressing the issues raised in this Order and why service solely through email via the two email addresses is sufficient to effect service on the foreign defendants.

DATED this 30th day of April, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge