**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-01909-RM-STV

WEBROOT INC.,

    Plaintiff,

v.

CHITRANSHU SINGH,
POLISHSYS TECHNOLOGIES, and
CHANDRESH SINGH,

    Defendants.

---

## ORDER AUTHORIZING SERVICE
---

This matter is now before the Court on Plaintiff's Status Report regarding Service by E-Mail (ECF No. 40) filed in response to the Court's Order of April 30, 2019 (ECF No. 39) which raised concerns about the sufficiency of service in this case in which Plaintiff seeks a default judgment. The Magistrate Judge's recommendation to grant, in part, default judgment in favor of Plaintiff is premised on the proposition that service of process via email to two email addresses (polishsyscall@gmail.com and advpiyushshrivastava1989@gmail.com) comports with the Hague Convention and with due process. Upon review of the Status Report, and further review of the court record and applicable law, and being otherwise fully advised, the Court finds the service of process on Defendant Polishsys Technologies is sufficient but that service of process on Defendants Chitranshu Singh and Chandresh Singh should be supplemented via email to their individual addresses.

**Due process and the Hague Convention.** "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). *See also M.A.K. Investment Group, LLC v. City of Glendale*, 897 F.3d 1303, 1312 (10th Cir. 2018) (same). "The notice must be of such nature as reasonably to convey the required information, … and it must afford a reasonable time for those interested to make their appearance." *Mullane*, 339 U.S. at 314. "But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied." *Id.* at 314-15.

As for the Hague Convention, service by email is not among the means listed in Article 10 to which India objects. And, as the Magistrate Judge recognized, several courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10. And, here, the Court's research fails to show that India has specifically objected to service via this method. Accordingly, "in contemporary terms," *M.A.K. Investment Group, LLC*, 897 F.3d at 1312 (finding that direct notice of adverse action required by due process, "[i]n contemporary terms, … [meant] notice had to be mailed, emailed, or personally served), the Court finds that service may be had via email.

**Service on Defendant Polishsys Technologies.** The record confirms that polishsyscall@gmail.com is the email address for Defendant Polishsys Technologies; Plaintiff provided notice of this lawsuit to Defendants via this email; and this notice was apparently

forwarded to their counsel Piyush Shrivastava and Associates, who then had communications with Plaintiff's counsel concerning the matter. On this record, the Court finds that service of process via polishsyscall@gmail.com, coupled with service via email to counsel, is sufficient. The Court is mindful that Piyush Shrivastava and Associates did not state it had authority to accept service on Defendants' behalf, and is not finding that service on counsel (without more) is sufficient. Instead, in this instance, service is supplemented through counsel who affirmatively reached out to Plaintiff with more than one communication concerning this lawsuit. Accordingly, service here is sufficient.

**Service on Defendants Chitranshu Singh and Chandresh Singh.** The sufficiency of service on these individual defendants via the corporate email polishsyscall@gmail.com and email to counsel is another matter. The Court is not convinced, on the current record, that such service, standing alone, is sufficient. First, polishsyscall@gmail.com is not the email address for either of these individual defendants. Further, as stated in the Court's April 30, 2019 Order, Plaintiff alleges only Defendant Chandresh Singh is a director of Defendant Polishsys Technologies. Nevertheless, Plaintiff has sufficiently shown there are two known email addresses for these individual defendants: singhchitranshusingh@gmail.com and Pratapiseo786@gmail.com. As such, the Court finds service of process on the Singh defendants should be had via these email addresses, in addition to the other methods Plaintiff previously used. Accordingly, such service is hereby authorized.

Accordingly, it is **ORDERED** that

(1) Plaintiff shall serve all papers via email to Defendants Chitranshu Singh at singhchitranshusingh@gmail.com; and to Chandresh Singh at Pratapiseo786@gmail.com;

(2) Such service shall also include a copy of this Order Authorizing Service;

(3) Plaintiff shall file a return of service showing such service via email was made; and

(4) If Defendants Chitranshu Singh and Chandresh Singh fail to respond within 21 days of service, the entry of default may be upheld against them and the Court may thereafter rule on the recommendation to grant default judgment.

DATED this 29th day of May, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge