IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-01909-RM-STV

WEBROOT INC.,

 Plaintiff,

v.

CHITRANSHU SINGH,
POLISHSYS TECHNOLOGIES, and
CHANDRESH SINGH,

 Defendants.

---

**ORDER**

---

 This matter is before the Court on the February 15, 2019 Recommendation of United States Magistrate Judge Scott T. Varholak (the "Recommendation") (ECF No. 38) to grant in part and deny in part Plaintiff's Motion for Judgment by Default (the "Motion") (ECF No. 35). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

 The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 38 at pages 35-36.) Despite this advisement, no objections to the Recommendation have to date been filed by any party and the time to do so has expired. (*See generally* Dkt.)

 "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note; *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In

the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). As shown below, the Court has conducted more than a clear error review of the matter. The Court does so in light of the fact that Defendants are citizens of India and alternate service was allowed. Upon such review, as set forth below, the Court accepts in part and rejects in part the Recommendation.[1]

I. THE RECOMMENDATION

***The Factual Background***. As the Magistrate Judge aptly stated, this trademark dispute arises from Defendants' alleged use of various domain names which Plaintiff alleged infringes on its WEBROOT trademark. There are seven domain names at issue: webrootcomsafe.org, installwebroot.org, web--root.org, webroot-support.org, webroot-com-safe.net, web-root.org, and webrootcom-safe.org. The domain name "webrootcom-safe.org" is identified in the Amended Complaint as the "Domain Name" and in the Recommendation as the "Remaining Domain." For consistency, the Court will refer to webrootcom-safe.org as the Remaining Domain.

Plaintiff contends Defendants have engaged in a pattern of registering domain names that include its WEBROOT marks[2] and, through these websites, offered unauthorized customer support services in connection with the WEBROOT marks. Plaintiff further alleges Defendants misled consumers into believing that their services are authorized, sponsored, or endorsed by Plaintiff. In addition, Defendants allegedly collect product keys from unsuspecting customers who believe they are interacting with Plaintiff when, in fact, they are interacting with Defendants.

---

[1] The Court finds Plaintiff has, on more than one occasion, combined Defendants in its conclusion even though its factual allegations and supporting papers did not address all Defendants. For example, Plaintiff alleges the NAF panel "found that Defendants' use of that Domain Name was fair use." (ECF No. 9, ¶ 53.) The NAF's findings, however, related only to Defendants Chitranshu Singh and Polishsys Technologies. (ECF No. 9-12 at pp. 2, 3, 22, 23.)

[2] As defined in the Recommendation as the "Webroot family of trademarks." (ECF No. 38, p. 2.)

Plaintiff filed two Uniform Dispute Resolution Procedure ("UDRP") proceedings involving the domain names. The first UDRP proceeding was filed against Defendant Chandresh Singh ("Chandresh") regarding domain name webrootcomsafe.org; the National Arbitration Forum ("NAF") found in favor of Plaintiff and transferred that domain name to Plaintiff.

The second UDRP was filed against Defendants Chitranshu Singh ("Chitranshu") and Polishsys Technologies[3] – not all Defendants – and addressed the remaining six domain names (hereafter "Six Domain Names"). The NAF found in favor of Plaintiff on five domain names and against Plaintiff on the sixth, the Remaining Domain. The NAF transferred those five domain names to Plaintiff. To the extent the Recommendation stated otherwise as to such findings, e.g., that the second UDRP was against all Defendants, it is rejected.

***The Procedural Background.*** Plaintiff was granted leave to serve Defendants via email and did so. After the Court's initial review of the Recommendation, it questioned whether the service afforded Defendants was sufficient and, ultimately, directed further service upon Defendants which Plaintiff effected. (ECF Nos. 40-44.) The Court finds the service, as supplemented, is sufficient.

***Personal Jurisdiction.*** The Court agrees with the Recommendation that personal jurisdiction may be had against those Defendants who registered the Remaining Domain with Name.com as the Domain Name Registration Agreement ("Agreement") for Name.com requires registrants to submit to personal jurisdiction in Colorado federal courts. The question, however, is *who* registered the Remaining Domain, and is therefore is subject to personal jurisdiction in this

---

[3] Plaintiff's documents show that Chandresh was named in the second UDRP complaint, but the NAF findings and decision were directed only against Chitranshu and Polishsys. Moreover, Plaintiff's Motion states this second UDRP was only against Chitranshu and Polishsys and that these domain names were registered by Chitranshu and Polishsys (Motion, p. 5). Accordingly, the Court finds the second UDRP was only against Chitranshu and Polishsys.

court, as "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones,* 465 U.S. 783, 790 (1984).

The Motion asserts that "Defendants" registered the Remaining Domain (along with the five others in the second UDRP), referring the Court to paragraph 42 of the Amended Complaint. (Motion, p. 5.) Paragraph 42 of the Amended Complaint, however, alleges that "Plaintiff became aware of six additional domains *associated* with the Defendants." (ECF No. 9, ¶ 42 (emphasis added)). Plaintiff, who bears the burden of showing personal jurisdiction may be had, fails to show that a person "associated" with a domain name that is registered on Name.com would subject that person to personal jurisdiction in Colorado.

Plaintiff also asserts the Six Domain Names were registered by Polishsys and Chitranshu, referring the Court generally to ECF No. 9-10 which consists of Plaintiff's amended complaint with exhibits filed on May 24, 2018 in the second UDRP. The Court's review of these documents, however, shows that, as of May 2, 2018, the Remaining Domain was registered to Polishsys (ECF No. 9-10, p. 81) on GoDaddy.com. The Amended Complaint's allegations, however, show there were changes in the registration. In paragraph 1 of the Amended Complaint, Plaintiff alleges the Remaining Domain was registered by Chitranshu and was then "currently" registered on Name.com. Paragraphs 7 and 8 of the Amended Complaint alleges that on June 25, 2018, the date of the NAF's second decision, the registrant at that time was Polishsys but, at some point in time, the registrant was changed to Chitranshu. Regardless, the NAF's decision stated that Name.com confirmed the Remaining Domain was registered on Name.com. (ECF No. 9-12, p. 3.) Thus, although the dates are not entirely clear, what is alleged is that at some point in time, Chitranshu and Polishsys each registered the Remaining Domain on Name.com. Accordingly, the Court finds the Agreement for Name.com is sufficient to subject Chitranshu and Polishsys to the

personal jurisdiction of this court. Chandresh, however, is another matter. To the extent the Recommendation found that personal jurisdiction may be exercised over Chandresh based on the registration of the Remaining Domain, such finding is rejected.

As to Chandresh, Plaintiff presumably relies on its argument that "Defendants, by acting in concert on behalf of Defendant Polishsys Technologies, the original owner of the WEBROOTCOM-SAFE.ORG domain, agreed to personal jurisdiction in this Court by registering the domain names with Name.com." (ECF No. 34, p. 8.) This argument is unclear, and unpersuasive. If Plaintiff is arguing that all Defendants registered the Remaining Domain with Name.com, the Court finds Plaintiff fails to meet its burden of showing Chandresh did so. If Plaintiff is arguing that Chandresh registered *other* domain names with Name.com and is, thereby, subject to personal jurisdiction here, Plaintiff fails to point to where in the record such registration may be found. Finally, if Plaintiff is asserting that Chandresh acted in concert with the other Defendants and, therefore, is somehow bound by the others' registration, this too is unavailing. Plaintiff fails to provide any facts, factual allegations, or legal authority to support this position. The Court's search shows "concert" or "participation" appears only once in the Amended Complaint – in its prayer for relief for preliminary and permanent injunction. (ECF No. 9, p. 26.) Thus, the Court examines whether Chandresh may be subject to personal jurisdiction on any of the other three bases Plaintiff raises.

First, Plaintiff contends Defendants are also subject to personal jurisdiction based on their interactive websites and because they purposefully directed their actions against Plaintiff, a Colorado company. Citing to *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1296-97 (10th Cir. 1999), Plaintiff alleges Defendants' interactive websites subject them to personal

jurisdiction in Colorado. The Court examines this allegation as against Chandresh and finds otherwise.

In *Soma*, the Tenth Circuit discussed general personal jurisdiction which requires a defendant to conduct "substantial and continuous local activity in the forum state." 196 F.3d at 1295 (quotation marks and citation omitted). Soma argued that defendant's maintenance of a website, accessible from Utah, constitutes such local activity. In analyzing Soma's argument, the Tenth Circuit considered "three general categories along a sliding scale for evaluating jurisdiction." *Soma*, 196 F.3d at 1296 (quotation marks and citation omitted). Those categories are 1) business websites: when the defendant does business over the Internet, "such as entering into contracts which require the 'knowing and repeated transmission of computer files over the Internet.'" *Id.* (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123–24 (W.D. Pa. 1997)); 2) passive websites: ones that do little more than make information available; and 3) interactive websites: "where a user can exchange information with the host computer." *Id.* (quoting *Zippo*, 952 F. Supp. at 1123-24).

Plaintiff contends all seven of the websites Defendants allegedly operated have been commercial and interactive in nature referring the Court generally to the UDRP proceeding papers and specifically to the documents relating to the Remaining Domain. Neither such papers nor Plaintiff's factual allegations are sufficient to show "substantial and continuous local activity in the *forum* state," *Soma*, 196 F.3d at 195, i.e., by directing electronic activity *at* Colorado. *Shrader v. Biddinger*, 633 F.3d at 1235, 1240 (10th Cir. 2011). Instead, the allegations are, for example, that the websites are interactive as they advertised technical support services for Plaintiff's goods and services, provided contact information for customers to contact Defendants to engage their services, and required customers to supply Defendants with their Webroot product key in order to

use Defendants' services.  None of these allegations, or supporting papers, however, show any of such activities occurred here in Colorado.  Accordingly, the Court finds Plaintiff fails to make a *prima facie* showing of personal jurisdiction over Chandresh on the basis of any interactive website.  *See Sharpshooter Spectrum Venture, LLC v. Consentino*, No. 09-cv-0150-WDM-KLM, 2011 WL 3159094, at *5 (D. Colo. July 26, 2011) (stating court could not "transform evidence that the website in question is accessible to Colorado residents into evidence that [defendant] has used his site to conduct sustained business with a substantial number of Colorado residents").

Second, Plaintiff asserts Defendants purposefully directed their actions against Webroot, citing to *Calder v. Jones*, 465 U.S. 783-789-790 (1984).  Because Plaintiff asserts *Calder* is "the key to unlocking the courthouse door," the Court limits its analysis to *Calder's* requirements. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008).  Under *Calder*, Plaintiff must show (a) an intentional action that was (b) expressly aimed at the forum state, with (c) knowledge that the brunt of the injury would be felt in the forum state.  *Dudnikov*, 514 F.3d at 1072.  Here, Plaintiff argues, Defendants purposefully directed their contacts at Colorado via their website offerings.  Even assuming, *arguendo*, Plaintiff has made the "purposefully directed" showing, such showing, standing alone, is insufficient.  In order to satisfy the minimum contacts test for specific jurisdiction, *two* distinct requirements must be met: "(i) that the defendant must have purposefully directed its activities at residents of the forum state, and (ii) that the plaintiff's injuries must arise out of the defendant's forum-related activities." *Old Repub. Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (quotations, brackets, and citation omitted); *see also Dudnikov*, 514 F.3d at 1071, 1078 (same).  Here, Plaintiff fails to address – and thus made no showing concerning – the second requirement.  Accordingly,

Plaintiff fails to sustain its burden that, under *Calder*, the Court may exercise specific jurisdiction over Chandresh.

Finally, Plaintiff relies, cursorily, on Fed. R. Civ. P. 4(k)(2). Rule 4(k)(2) "'serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process.'" *Archangel Diamond Corp. Liquidating Trust v. OAO Lukoil*, 75 F. Supp. 3d 1343, 1360-61 (D. Colo. 2014) (quoting *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com De Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009)). Three conditions must be satisfied for this Rule to apply: (1) the plaintiff's claim must arise under federal law; (2) defendant is not subject to jurisdiction in any other state's court of general jurisdiction; and (3) the exercise of jurisdiction comports with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2); *Pandaw America, Inc. v. Pandaw Cruises India Pvt. Ltd.*, 842 F. Supp. 2d 1301, 1310 (D. Colo. 2012). The Court finds the first two requirements are shown, but not the third. Here, Plaintiff argues that Defendants have minimum contacts with Colorado relying on its previous arguments. But, as stated above, Plaintiff has not shown Chandresh has sufficient minimum contacts with Colorado. Moreover, Rule 4(k)(2) requires an analysis of a defendant's *national* contacts, rather than just contacts with the forum state. *Archangel*, 75 F. Supp. 3d at 1364. Plaintiff, however, fails to do so. Accordingly, jurisdiction under Rule 4(k)(2) has not been shown.

Based on the foregoing, the Recommendation's findings and conclusion that personal jurisdiction may be exercised over Chandresh is rejected. As Plaintiff fails to show personal jurisdiction over Chandresh, the Clerk's default as to Chandresh shall be vacated and the Motion as to Chandresh is denied.

***The merits.*** The following four claims for relief are at issue: (1) trademark infringement in violation of the Lanham Act; (2) unfair competition in violation of the Lanham Act; (3) cyberpiracy in violation of the Lanham Act; and (4) violation of the CCPA. (ECF No. 34 at p. 13.) Upon review of the recommendation, the Court agrees with the findings and analysis except in three instances. First, the recommendation is rejected as to any application to Chandresh because Plaintiff has not shown personal jurisdiction may be exercised over him. Second, the recommendation's finding that "Defendants" – meaning all Defendants – registered webrootcomsafe.org is rejected. The record shows this domain name was registered by Chandresh on July 17, 2017, and Plaintiff's Amended Complaint contains no *factual* allegations to the contrary. (ECF No. 9-8, p. 5.) Third, to the extent that the recommendation finds that the second claim based on cyberpiracy is met as to all seven domain names, that finding is rejected.

As the recommendation correctly stated, to establish the cyberpiracy claim, Plaintiff must demonstrate that: (1) Plaintiff's trademark was distinctive when Defendants registered the domain names; (2) the domain names registered by Defendants are identical or confusingly similar to the trademark; and (3) Defendants used or registered the domain names with a bad faith intent to profit. (ECF No. 38, p. 13, citing *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1057 (10th Cir. 2008).) And, as the recommendation found, Plaintiff only demonstrated that its WEBROOT marks were distinctive at the time when two of the seven domain names were registered, webrootcomsafe.org and the Remaining Domain. Thus, Plaintiff has established this claim only as to the webrootcomsafe.org and the Remaining Domain.

In summary, the Court accepts the recommendation here except (1) as it relates to Chandresh, (2) the finding as to who registered webrootcomsafe.org, and (3) the finding that

Plaintiff has established the second claim as to installwebroot.org, web--root.org, webroot-support.org, webroot-com-safe.net, and web-root.org.

***Injunctive Relief.***  The Court disagrees with the recommendation that irreparable harm is presumed based on its reliance on *Big O Tires, Inc. v. Bigfoot 4x4, Inc.*, 167 F. Supp. 2d 1216, 1217 (D. Colo. 2001).  *Big O Tires* was decided before *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006) and *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017).  And, although the Tenth Circuit has not decided the specific issue of what effect *eBay* may have on any presumption of irreparable harm in trademark cases, in *Malamed* the Tenth Circuit explained that a presumption of irreparable harm may only be applied when a statute *mandates* injunctive relief as a remedy for a violation of the statute.  When a statute "merely authorizes" injunctive relief, a presumption is not warranted.  *Malamed*, 874 F.3d at 1141.  Thus, Plaintiff is required to show irreparable harm.  *Learning LLC v. Acad., Arts & Action Charter Acad.*, No. 17-CV-03182-RM-KLM, 2018 WL 3382933, at * (D. Colo. May 18, 2018).  *See also Dalkita, Inc. v. Distilling Craft, LLC*, 356 F. Supp. 3d 1125, 1133 (D. Colo. 2018) (same) (collecting cases).

The Court finds Plaintiff's allegations are sufficient to show irreparable harm.  Here, Plaintiff alleges that it has received complaints from consumers about resold product keys and consumer accounts have been deactivated, all of which has created ill will and caused harm to Plaintiff's goodwill.  And, if Chitranshu and Polishsys are allowed to continue, Plaintiff's goodwill in its WEBROOT marks will be irreparably harmed.  *See DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1271 (10th Cir. 2018) (factors court should consider when in evaluating irreparable harm include loss of customers, loss of goodwill, and erosion plaintiff's competitive position).  Thus, while the Court rejects the finding that irreparable harm may be

10

presumed, it nonetheless concludes that irreparable harm has been shown. And, on this basis, the Court accepts the recommendation to grant injunctive relief, but only as against Chitranshu and Polishsys.

*Transfer of the Remaining Domain.* The Court agrees with and accepts the recommendation that Chitranshu and Polishsys be ordered to cease use of and forfeit any interest in the Remaining Domain and that this domain name should be transferred to Plaintiff. The recommendation is rejected as to Chandresh.

*Statutory Damages under the ACPA.* As Chandresh is not properly before the Court, any recommendation as against Chandresh is rejected. Thus, the Court addresses the recommendation as to Chitranshu and Polishsys.

The Magistrate Judge recommended the following: (1) base statutory damages award of $5,000 per domain base on the seven infringing domain names; (2) $5,000 in damages per domain name for five of the seven domains, including webrootcomsafe.org and the Remaining Domain, due to Defendants' use of a correctly spelled mark; (3) $5,000 per domain name for Defendants' refusal to participate in this litigation; (4) $5,000 for the Remaining Domain because it was registered less than two months after the NAF proceedings on the webrootcomsafe.org domain name. The resulting total damages are $135,000. The Court accepts such recommendation, but only as to webrootcomsafe.org and the Remaining Domain. Plaintiff only demonstrated that its WEBROOT marks were distinctive at the time when these two domain names were registered and, accordingly, only liability based on such domain names. Accordingly, the Court accepts the recommendation to award statutory damages of $20,000 for webrootcomsafe.org and $25,000 for the Remaining Domain, for a total of $45,000.

***Attorneys' Fees, Costs, and Post-Judgment Interest.*** Upon review, the Court agrees with and accepts the recommendation as to the amount of attorneys' fees and costs to be awarded. The Court also accepts the recommendation to award post-judgment interest under 28 U.S.C. § 1961.

***Dismissal of Plaintiff's Fourth and Sixth Claims.*** Plaintiff requested the computer fraud and abuse (Fourth Claim for Relief) and conversion (Sixth Claim for relief) claims be dismissed without prejudice which the Magistrate Judge recommended be done pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The Court finds dismissal of such claims under Rule 41(a)(2) to be appropriate and will accept the recommendation to dismiss on that basis. *See Gobbo Farms & Orchards v. Poole Chemical Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996) (stating Rule 41(a) does not apply to dismissal of less than all claims in action).

## II. CONCLUSION

In accordance with the foregoing, the Court:

(1) **DIRECTS** the Clerk to re-enter default against Defendants Chitranshu Singh and Polishsys Technologies in light of the supplemental service effected upon them (ECF Nos. 41-44);

(2) **DIRECTS** the Clerk to vacate the entry of default (ECF No. 26) but as against Defendant Chandresh Singh only;

(3) **ACCEPTS in part and REJECTS in part** the Recommendation of United States Magistrate Judge (ECF No. 38) as stated herein;

(4) **GRANTS in part and DENIES in part** Plaintiff's Motion for Default Judgment (ECF No. 34) as stated herein;

(5) **DISMISSES** this action without prejudice against Defendant Chandresh Singh based on lack of personal jurisdiction;

(6)     **AWARDS** Plaintiff the following amounts against Defendants Chitranshu Singh and Polishsys Technologies, jointly and severally:

   (a) $45,000 in statutory damages;

   (b) $45,646.40 in attorneys' fees and costs; and

   (c) post-judgment interest as calculated under 28 U.S.C. § 1961;

(7)     **PERMANENTLY ENJOINS** Defendants Chitranshu Singh and Polishsys Technologies as follows:

Defendants Chitranshu Singh and Polishsys Technologies, their partners, agents, servants, employees and attorneys, and those in active concert or participation with these Defendants are enjoined and restrained from using the designation WEBROOT or any other mark confusingly similar to Plaintiff's WEBROOT marks in connection with any products or services offered for sale, sold, advertised, or promoted in the United States of America, or to cause confusion, mistake, or from using WEBROOT marks or confusingly similar designations to deceive purchasers into believing that these Defendants' products or services are connected with Plaintiff or its products or services;

(8)     **ORDERS** that Defendants Chitranshu Singh and Polishsys Technologies shall, at their own expense, remove all instances of the WEBROOT designations, or any other mark confusingly similar to the WEBROOT marks, from their websites and URLs;

(9)     **ORDERS** that Defendants Chitranshu Singh and Polishsys Technologies shall file with this Court and serve upon Plaintiff within 30 days after service of this injunction, a written report, under oath, setting forth in detail the manner in which such Defendants have complied with this injunction;

(10)    **DECLARES** that Plaintiff is the rightful owner of the Remaining Domain, webrootcom-safe.org, and **ORDERS** that Defendants Chitranshu Singh and Polishsys Technologies shall cease use of and forfeit their interests in the Remaining Domain, and to transfer, at their own cost, the domain name to Plaintiff within 14 days of this Order;

(11)   **ORDERS** that Plaintiff's claims for computer fraud and abuse and conversion (Fourth and Sixth Claims) are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(2);

(12)   **DIRECTS** the Clerk of the Court to enter **DEFAULT JUDGMENT** in favor of Plaintiff and against Defendants Chitranshu Singh and Polishsys Technologies as stated herein; and

(13)   **DIRECTS** the Clerk of the Court to enter **JUDGMENT** in favor of Defendant Chandresh Singh and against Plaintiff as stated herein.

DATED this 27th day of August, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge